IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| JASON SAYLOR, | : | Case No. 1:24-cv-731 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| TRIHEALTH, INC., | : | |
| Defendant. | : | |

---

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS (Doc. 4)

---

This matter is before the Court on Defendant TriHealth, Inc.'s Partial Motion to Dismiss (Doc. 4). Plaintiff filed a Response in Opposition (Doc. 8), and Defendant filed a Reply in Support (Doc. 13). Thus, this matter is ripe for the Court's review. For the following reasons, the Court **DENIES** Defendant's Motion.

### ALLEGED FACTS

Plaintiff Jason Saylor is a disabled military veteran who worked for Defendant TriHealth, Inc. ("TriHealth"), a healthcare company based in Cincinnati, Ohio. (Compl., Doc. 1, ¶¶ 9, 11.) Plaintiff worked as an armed security guard at Defendant's hospitals from June 2021 until his termination on June 13, 2023. (*Id.* at ¶ 11.) In July 2022, Defendant transferred Plaintiff to Good Samaritan Hospital, where he worked under a new supervisor, Christopher Carlson. (*Id.* at ¶¶ 12-13.) Plaintiff claims that Carlson refused to accommodate Plaintiff's hearing disability and harassed him about it. (*Id.* at ¶ 14.)

Between October 2022 and April 2023, Plaintiff informed Defendant's human resources department about Carlson's refusal to accommodate and his continued harassment regarding Plaintiff's disability. (*Id.* at ¶ 17.) Plaintiff also assisted another employee in the employee's own human resources investigation. (*Id.* at ¶ 24.) In this investigation, a black, disabled officer, Kevin Jones, filed a race discrimination complaint ("the Jones investigation") and Plaintiff provided information to the human resources office supporting Jones' claims of race discrimination in the department. (*Id.* at ¶¶ 24-25.)

After the Jones investigation, Plaintiff claims that Carlson "escalated" his hostility towards Plaintiff and that human resources knew of this retaliation but did nothing to protect him. (Compl., Doc. 1, ¶¶ 30-31.) Carlson then terminated Plaintiff, with the approval of human resources, and Defendant did not pay out Plaintiff's remaining leave time or inform him of his appellate rights. (*Id.* at ¶¶ 31-32.) Following his termination, Plaintiff filed a Charge of Discrimination ("Charge") alleging disability discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and Ohio Civil Rights Commission ("OCRC"). (*Id.* at ¶ 7.) The EEOC issued Plaintiff a Notice of Right to Sue. (*Id.* at ¶ 8.) Plaintiff then filed his Complaint within 90 days of the Notice. (*Id.*)

In his Complaint, Plaintiff brings claims of disability discrimination in violation of the Americans with Disabilities Act and Ohio Revised Code § 4112 (Counts I and II), and claims of retaliation in violation of Title VII and Ohio Revised Code § 4112 (Counts III and IV). (Compl., Doc. 1.) Defendant filed a Partial Motion to Dismiss Count III, asserting that Plaintiff failed to exhaust administrative remedies for his Title VII retaliation claim.

2

## LAW AND ANALYSIS

Under Title VII, Congress assigned initial enforcement responsibility to the EEOC. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010). Thus, employees alleging employment discrimination must file an administrative charge with the EEOC within a specified period after the alleged wrongful act. *Id.* This charge must be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." *Id.* As a general rule, a plaintiff cannot bring claims in court that were not included in the EEOC charge. *Id.* However, because charges are typically filed by employees rather than attorneys, courts construe EEOC charges liberally and will consider claims that are reasonably related to or grow out of the factual allegations in the charge. *Id.* at 362; *see also Dillworth v. Wormuth*, No. 3:20-CV-629, 2021 WL 5749097, at 7 (W.D. Ky. Dec. 2, 2021).

Courts have permitted claims to proceed even when a plaintiff fails to check all the relevant boxes on the EEOC charge, so long as the claims satisfy the "scope of investigation" test. *Weigel v. Baptist Hosp. of East Tennessee*, 302 F.3d 367, 380 (6th Cir. 2002); *see also Dixon v. Ashcroft*, 392 F.3d 212, 218 (6th Cir. 2004) (applying the scope of investigation test and finding that the plaintiff alleged sufficient facts in the EEOC charge to put the EEOC and employer on notice of the plaintiff's retaliation claim). Under this test, a plaintiff may pursue an uncharged claim if the facts alleged in the EEOC charge would reasonably be expected to prompt an investigation into that claim or if the claim could reasonably be expected to grow out of the EEOC charge. *Weigel*, 302 F.3d at 379; *see also Strouss v. Michigan Dep't of Corr.*, 250 F.3d 336, 342 (6th Cir. 2001). However, the

3

judicial complaint must remain within the scope of the EEOC investigation that could reasonably be expected to grow out of the charge. *Id.* For example, the Sixth Circuit has observed that "retaliation naturally grows out of any underlying substantive discrimination charge, making a retaliation claim foreseeable to defendants." *Weigel*, 302 F.3d at 380; *see also Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 833 (6th Cir. 1999). Thus, a plaintiff could pursue a retaliation claim based on the discrimination outlined in the EEOC charge, without selecting "retaliation" on the EEOC charge. *Id.*

In its Motion, Defendant argues that Count III of Plaintiff's Complaint, which alleges retaliation in violation of Title VII, must be dismissed because Plaintiff failed to exhaust his administrative remedies and failed to state a claim upon which relief can be granted. (Motion, Doc. 13, Pg. ID 13.) Specifically, Defendant argues that since Plaintiff did not check "race" on the EEOC Charge, his Charge did not include any allegation of race discrimination; yet, his Complaint alleges race-based retaliation. (*Id.*) In response, Plaintiff contends that dismissal of his retaliation claim is improper, although he did not check the box for race discrimination on his EEOC Charge. (Response, Doc. 8, Pg. ID 33.) Plaintiff asserts that several sections of his EEOC Charge sufficiently placed Defendant on notice of a retaliation claim for his assistance on a race discrimination investigation. (*Id.* at Pg. ID 34.) Further, under Sixth Circuit precedent, EEOC charges should be "liberally construed." (*Id.*) In its Reply, Defendant argues that Plaintiff's reliance on liberal construction is misplaced, emphasizing that "liberally" does not mean creating a claim that Plaintiff never actually raised. (Reply, Doc. 13, Pg. ID 52.) Defendant therefore contends that the Court must dismiss Plaintiff's race discrimination claim. (*Id.*)

4

The Court is not persuaded. First, Defendant's Motion mischaracterizes Count III; the claim does not allege race discrimination or race-based retaliation but rather retaliation for assisting in a race discrimination investigation. (Compl., Doc. 1, ¶¶ 57-61.) Plaintiff's participation in the investigation constitutes protected activity for purposes of a Title VII retaliation claim, which is why Plaintiff described the race claim of his coworker. (Response, Doc. 8, Pg. ID 35-36 (quoting *Crawford v. Metro. Gov't of Nashville & Davidson Cty.*, 555 U.S. 271, 279-80 (2009)).) And, his EEOC Charge included a checked box for retaliation, along with the description of the participation that supports his claim of retaliation. (EEOC Charge, Doc. 4-1.) Thus, Plaintiff exhausted the administrative remedy for his retaliation claim.

Furthermore, the Court finds the holding in *Crawford* highly relevant. In *Crawford*, the plaintiff filed an EEOC charge alleging retaliation for participation in a sexual harassment investigation; she then filed a lawsuit alleging retaliation. The Court held that an employee who assists in a discrimination investigation of another individual can seek a Title VII claim for that assistance. 555 U.S. at 274. Similarly, returning to the case at bar, Plaintiff's EEOC Charge included a claim for retaliation for his assistance in a race discrimination investigation. He has now filed a lawsuit alleging retaliation under Title VII for that involvement, as he is entitled to do. To reiterate, Plaintiff has not made a claim for race discrimination that he personally faced; rather, he only makes a claim for retaliation for his involvement in the race discrimination investigation of his colleague. His retaliation claim is "reasonably related to or grow[s] out of the factual allegations" in his EEOC Charge. *Younis*, 610 F.3d at 362. The Charge was thus "sufficiently precise" as

5

to the retaliation claim and put Defendant on notice of the investigation into potential retaliatory conduct. *See Dillworth*, 2021 WL 5749097, at *7; *see also Younis*, 610 F.3d at 361. As such, dismissal would be improper.

## CONCLUSION

Accordingly, the Court **DENIES** Defendant's Partial Motion to Dismiss (Doc. 4). Plaintiff's retaliation claim under Title VII **SHALL PROCEED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND